**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50190 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01345-DSF |
| v. | |
| JESUS SANCHEZ LOPEZ, a.k.a. Tomas Molina Acosta, a.k.a. Acosta Tomas-Molina, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Jesus Sanchez Lopez appeals from the district court's judgment and

challenges the 70-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being an illegal alien found in the United States after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez Lopez contends that his sentence is substantively unreasonable because (i) it creates an unwarranted sentencing disparity between his sentence and the sentences imposed on defendants with similar criminal histories prosecuted under the fast-track program, and (ii) it does not reflect his mitigating circumstances and motivation for returning to the United States.  The district court did not abuse its discretion in imposing Sanchez Lopez's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  We have held that sentencing disparities that result from the fast-track program are not unwarranted and, as such, do not violate 18 U.S.C. § 3553(a)(6).  *See United States v. Marcial-Santiago*, 447 F.3d 715, 718-19 (9th Cir. 2006).  Moreover, in light of the section 3553(a) factors and the totality of the circumstances, including Sanchez Lopez's criminal history and immigration violations, the sentence at the bottom of the advisory Guidelines range is substantively reasonable.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

11-50190